IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DAVID J. MARSHALL,

                Plaintiff,

v.

RADU FILIPESCU, JAMIE BARKER,
and CHRIS BUESGEN,

                Defendants.

OPINION AND ORDER

23-cv-176-wmc

As an inmate at Stanley Correctional Institution representing himself, plaintiff David Marshall is proceeding on: (1) claims that defendants Chris Buesgen and Jamie Barker provided inadequate medical care in violation of the Eighth Amendment and state law; and (2) a claim that defendant Radu Filipescu committed medical negligence. (Dkt. #11.) All claims arise out of the care Marshall received at Stanley for a hemorrhoidal condition. Specifically, Marshall alleges that the institution had a policy of denying medical treatment until a doctor examined a prisoner, which he attributes to Stanley's Warden, Buesgen, and its HSU Supervisor, Barker,[1] and that Filipescu prescribed him a medication to which he had a severe reaction. Several motions are now pending before the court.

---

[1] The Seventh Circuit has recognized claims of systemic deficiencies in a prison's health care facility as a type of deliberate indifference claim where the facility's problems have been shown to affect inmates adversely on a widespread basis. *E.g., Wellman v. Faulkner*, 715 F.2d 269, 272-74 (7th Cir. 1983) (systemic deficiencies found based on (1) a language barrier between inmates and the majority of physicians, (2) psychiatrist position being vacant for two years, (3) prisoners being denied important surgeries for two to five years, and (4) medical supplies being reused and not restocked); *Cleveland-Perdue v. Brutsche*, 881 F.2d 427, 428-31 (7th Cir. 1989) (systemic deficiencies found where prison failed to review and change procedures after an inmate died from medication prescribed over the phone).

*First*, Marshall has moved for "clarification" of the court's screening order to allow him to proceed on his original claims against four inmate complaint examiners -- Claire Hickey-Wilbur, Holly Gunderson, Emily Davidson, and Cindy O'Donnell -- who were dismissed at screening. (Dkt. #22.) *Second*, and relatedly, Marshall has filed a motion for leave to amend his complaint (dkt. #36), and later filed a proposed amended complaint (dkt. #52), to reinstate the same original claims against the complaint examiners *and* add a claim of retaliation against existing defendants Buesgen and Barker. *Third*, defendants Buesgen and Barker move for partial summary judgment on the grounds that Marshall: (1) failed to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA") with respect to his Eighth Amendment claim against Buesgen, because Marshall did not name Buesgen in his one and only inmate complaint regarding medical care; and (2) failed to satisfy Wisconsin's notice of claim requirements, Wis. Stat. § 893.82(3), with respect to any negligence claims against them, having failed to name either in his notice of claim. (Dkt. #37.)

Because there is no ground for reinstating any of the four complaint examiners as defendants and the proposed amended complaint fails to state a claim for retaliation against Buesgen and Barker, Marshall's motions for clarification and for leave to amend his complaint will be denied, and the proposed amended complaint will be dismissed. Defendants' motion for partial summary judgment will be granted in part and denied in part. While the court finds that Marshall exhausted his administrative remedies under the PLRA as to the Eighth Amendment claim against Buesgen, it agrees with defendants that Marshall did not file a proper notice of his negligence claims against Buesgen and Barker.

2

Therefore, while those claims will be dismissed, Marshall may proceed on his Eighth Amendment claims against both Buesgen and Barker, along with his medical malpractice claim against defendant Filipescu, which has no notice requirement. Wis. Stat. § 893.82(5m).

OPINION

I. PLRA Exhaustion

Under the PLRA, "[a]n inmate complaining about prison conditions must exhaust administrative remedies before filing suit." *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005). The PLRA's exhaustion requirement is mandatory. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006), and "requires complying with the rules applicable to the grievance process at the inmate's institution." *Conyers*, 416 F.3d at 584; *see also Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002) ("To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.").

To exhaust administrative remedies in Wisconsin, a prisoner must follow the Inmate Complaint Review System ("ICRS") process set forth in Wisconsin Administrative Code Chapter DOC 310, which requires the prisoner to file a complaint with the Inmate Complaint Examiner ("ICE") within 14 calendar days of the event giving rise to the complaint. Wis. Admin. Code § 310.07(2). The complaint also must provide sufficient information for the department to investigate and decide the complaint. *Id.* § 310.07(5)-(6).

3

An inmate's failure to exhaust constitutes an affirmative defense, which defendants must prove. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018). Here, defendants move for summary judgment on the ground that Marshall failed to exhaust his Eighth Amendment deliberate indifference claim against Buesgen because he did not mention Buesgen by name in his inmate complaint.

The record shows that Marshall filed one inmate complaint on September 12, 2022, regarding his failure to receive timely medical treatment. (Dkt. #31-1.) While Marshall made no mention of Warden Buesgen in that complaint, and did not explain what Buesgen may have done wrong, he did state that "I was allowed to suffer or be in pain for 1 month, because [under] HSU policy, … there is nothing [other health staff] can do until a person see[s] a (MD) or doctor." (Dkt. #31-2, at 11.) Moreover, the Court of Appeals for the Seventh Circuit has held that an inmate's complaint will suffice for exhaustion purposes if it provides notice of "the nature of the wrong for which redress is sought." *Strong v. David*, 297 F.3d 646, 649 (7th Cir. 2002). Thus, Marshall's account adequately provided HSU, its medical director, and even the warden, adequate notice of a potentially harmful HSU policy. Indeed, Marshall has submitted a copy of a letter that he received from Stanley's deputy warden, stating that he had received Marshall's correspondence regarding medical concerns, but that those concerns would be addressed through the ICRS because Marshall had "already filed a complaint on this issue." (Dkt. #54-1.)

While defendants argue that Marshall only clearly identified an allegedly harmful *HSU* policy, and not an *institution* policy that implicates Buesgen as the warden, the issue of who was responsible for the policy is more appropriately resolved at summary judgment

4

or trial. At this stage, the court is satisfied that Marshall's inmate complaint sufficiently put the institution -- over which Buesgen had control -- on notice of his claim of a systemic deficiency in the prison's health care facility. Accordingly, defendants' motion for summary judgment as to PLRA exhaustion will be denied.

## II. State Notice of Claim

Next, defendants seek summary judgment on Marshall's state-law negligence claims against Buesgen and Barker for Marshall's failure to satisfy Wisconsin's notice of claim requirements. Under Wis. Stat. §§ 893.82(2m) and (3), a plaintiff must file a notice of claim with the Wisconsin Attorney General to commence an action under state law against a state officer, employee, or agent within 120 days of the event causing injury, stating the time, date, location and the circumstances of the event giving rise to the claim, including the name of the state officer, employee or agent involved.[2]

In this case, both plaintiff and the state defendants have submitted evidence showing that Marshall served a notice of claim upon the Attorney General on September 6, 2022, which detailed the failure of "HSU staff" to treat his hemorrhoidal pain for more than a month. (Dkt. ##40-1 and 54-2.) However, the notice of claim fails to name *any* state official, as required under Wis. Stat. § 893.82(3), let alone non-health care staff like Buesgen and Barker. Even so, Marshall argues that "this court should not interpret statutes

---

[2] As noted, there is an exception to the notice of claim requirement for medical malpractice claims, Wis. Stat. § 893.82(5m), but neither Buesgen nor Baker qualify for that exception because, unlike defendant Filipescu, they are not providers of medical care. *Killian v. Nicholson*, No. 17-C-895, 2018 WL 1902587, at *3 (E.D. Wis. Apr. 20, 2018) (quoting *McEvoy v. Group Health Coop.*, 213 Wis. 2d 507, 530, 570 N.W.2d 397 (1997)) (defining medical malpractice as "'negligent medical acts or decisions [made] in the course of rendering professional medical care.'").

to produce legally absurd and physically impossible results" (dkt. #54 at 4-5), but Marshall cannot bring a state-law action against state employees like Buesgen and Barker unless he "complies strictly with the requirements" of the notice of claim statute, Wis. Stat. § 893.82(2m), which he has failed to do in this case.

Not only must the requirements of the statute be "adhered to with exact care," *Newkirk v. Wis. Dep't of Trans.*, 228 Wis. 2d 830, 833, 598 N.W.2d 610 (Ct. App. 1999), but substantial compliance is insufficient, *Kellner v. Christian*, 197 Wis. 2d 183, 195, 539 N.W.2d 685 (1995). Since Marshall has failed to satisfy these strict requirements, defendants Buesgen and Barker are entitled to summary judgment with respect to his state-law negligence claims against them.

**III. Proposed Claims Against Previously-Dismissed Defendants**

Marshall also seeks "clarification" as to why he is precluded from bringing claims against previously-dismissed defendants Hickey-Wilbur, Gunderson, Davidson, and O'Donnell, and relatedly, moves separately for leave to file an amended complaint to reinstate those claims. As he did in his original complaint, Marshall specifically faults these individuals for mishandling and denying his grievance related to medical care. However, a defendant "who rejects an administrative complaint about a completed act of misconduct does not" violate the Constitution. *See George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007). Here, Marshall specifically alleges that Hickey-Wilbur improperly investigated and denied his inmate complaint, but his allegations lack detail and do not suggest that she "cause[d] or participate[d] in the underlying conduct." *See Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011); *see also Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017)

6

("Individual liability under [42 U.S.C.] § 1983 . . . requires personal involvement in the alleged constitutional deprivation."). Indeed, Marshall's allegations acknowledge that Hickey-Wilbur provided a reasoned basis for denying the inmate complaint. (*See* dkt. #52, at 4.)

Moreover, inmate complaint examiners are entitled to defer to the expertise of prison medical officials in denying grievances. *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) ("The Governor, and for that matter the Superintendent of Prisons and the Warden of each prison, is entitled to relegate to the prison's medical staff the provision of good medical care. That is equally true for an inmate complaint examiner."); *Johnson v. Doughty*, 433 F.3d 1001, 1011 (7th Cir. 2006) (grievance counselor may reasonably rely on the judgment of medical professionals in responding to inmate complaint). Given that Marshall's sparse allegations do not suggest that any of the complaint examiners "systemically ignored . . . requests for redress" that they could have fulfilled, *Perez v. Fenoglio*, 792 F.3d 768, 782 (7th Cir. 2015), reinstating Marshall's claims against Hickey-Wilbur, Gunderson, Davidson, and O'Donnell would be futile. Accordingly, the court will deny plaintiff leave to amend his complaint and dismiss the proposed amended complaint. *See Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("courts have broad discretion to deny leave to amend where . . . the amendment would be futile").

## IV. Retaliation

While it is not entirely clear, Marshall also appears to seek leave to add a new claim for retaliation against defendants Buesgen and Barker, alleging that he continued to be denied treatment for his hemorrhoidal condition after he filed his inmate complaint in

7

September 2022.  To state a First Amendment claim for retaliation, a plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendants' decision to take the retaliatory action."  *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009).

With respect to the first element, filing a non-frivolous grievance is a constitutionally protected activity sufficient to support a retaliation claim.  *Thomson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004).  With respect to the second element, the Seventh Circuit has also held that denial of medical treatment is a deprivation likely to dissuade a reasonable person from engaging in future First Amendment activity.  *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987).  However, Marshall's claim fails on the third element, having failed to allege that Buesgen and Barker took any action denying Marshall medical care after his filing of the inmate complaint.  To the contrary, while he alleges that "medical staff" denied his requests for more adequate treatment than over-the-counter pain killers until he saw a physician, Marshall concedes he was seen by a physician on October 18, 2022.  In light of Marshall's sparse allegations *and* his admitted receipt of a physician appointment *after* filing his inmate complaint, a reasonable jury would have no basis to find that Marshall's First Amendment activity was a motivating factor in the continued application of a policy allegedly implemented by Buesgen and Barker.  Accordingly, Marshall will not be allowed to proceed on a retaliation claim against these defendants.

ORDER

IT IS ORDERED that:

1) Plaintiff David Marshall's motions for clarification of the screening order (dkt. #22) and for leave to file an amended complaint (dkt. #36) are DENIED and his proposed amended complaint (dkt. #52) is DISMISSED.

2) Defendants' motion for partial summary judgment (dkt. #37) and plaintiff's motion to deny defendants' motion for partial summary judgment (dkt. #53) are GRANTED in part and DENIED in part:

   a. Plaintiff's state-law negligence claims against defendants Chris Buesgen and Jamie Barker are DISMISSED for plaintiff's failure to comply with the notice of claim statute.

   b. Plaintiff has administratively exhausted his Eighth Amendment claim against defendant Buesgen.

3) Defendants' motion to stay deadlines (dkt. #70) is DENIED AS MOOT, however, the deadline for defendants' expert witness disclosures and the filing of any dispositive motions is extended by one week to August 9, 2024.

Entered this 29th day of July, 2024.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge